**UNITED STATES of America,**
**Appellee,**

v.

**Miguel CASIANO, Edwin Perez,**
**Defendants–Appellants.**

Nos. 04–1455–CR(L), 04–2966–CR(CON).

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Christina B. Dugger, Assistant United States Attorney, Eastern District of New York (Jo Ann M. Navickas, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), Brooklyn, NY, for Appellee, of counsel.

Sally Butler (Steve Zissou, on the brief), Bayside, NY, for Defendant–Appellant Miguel Casiano.

Anthony L. Ricco (Karloff C. Commissiong, on the brief), New York, NY, for Defendant–Appellant Edwin Perez.

PRESENT: STRAUB, HALL, Circuit Judges, and KAPLAN, District Judge.*

## SUMMARY ORDER

Defendants were tried jointly before a jury in the United States District Court for the Eastern District of New York (Charles F. Sifton, *Judge*) on charges of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. The jury voted to convict and on March 10, 2004, and March 18, 2004, the District Court entered judgments of conviction against Casiano and Perez, respectively. Casiano now appeals, alleging procedural errors, violations of his Sixth Amendment right to confront witnesses against him, and sentencing errors. Perez appeals based on alleged sentencing errors. We assert jurisdiction under 28 U.S.C. § 1291, affirm the judgment of conviction, and remand to the District Court for further proceedings consistent with

*United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

*Miguel Casiano*

Casiano claims that the District Court erred in denying his motion for a mistrial after the District Court had sustained counsel's objection to testimony relating to uncharged criminal conduct. In sustaining the objection, the District Court expressed at side-bar its displeasure with the government's solicitation of the testimony but nonetheless denied the motion for mistrial, electing instead to give the jury a curative instruction. "We review the district court's decision to deny [a motion for mistrial] for abuse of discretion," *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir.1995), reversing only "upon a showing of actual prejudice," *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir.2004). Given the relative weight of the evidence and testimony admitted at trial and the comparatively slight potential prejudice posed by this stricken testimony, and particularly in light of the clarity and tone of the District Court's curative instruction, we see no abuse of discretion in the District Court's denial of the motion for a mistrial.

Casiano next claims that his Sixth Amendment right to confront witnesses against him was twice violated during the testimony of the investigating detective; first when the detective testified, by way of background, as to the structure of the overall drug conspiracy and the roles played in that conspiracy by individuals other than Casiano and Perez; and, second, when the detective testified about structured drug buys conducted through confidential informants who did not testify at trial.

* The Hon. Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

With respect to the first claim, counsel objected to the admission of that testimony at trial. That objection was sustained and, after a brief exchange that provided the District Court an opportunity to clarify its ruling, the government terminated the line of questioning. We see neither error of law in the District Court's ruling nor abuse of discretion in its conduct of this portion of the trial.

■ Casiano's second alleged Sixth Amendment violation relies on the Supreme Court's recent decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Prior to *Crawford,* an out-of-court, testimonial, statement made by a witness who is not available to testify was admissible in a criminal trial if the statement fell within a firmly-rooted hearsay exception or it otherwise bore sufficient indicia of reliability. *See, e.g., Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Crawford* held that the Sixth Amendment's confrontation clause prohibits the admission against criminal defendants of out-of-court, testimonial, statements unless the declarant is not available to testify and the defendant has a prior opportunity to cross-examine. 541 U.S. at 50–55, 124 S.Ct. 1354; *United States v. Saget,* 377 F.3d 223, 226 (2d Cir.2004). *Crawford* has no application where there is no hearsay problem or where the proffered hearsay is not "testimonial." *Saget* 377 F.3d at 227–28. In *Crawford,* the Supreme Court declined to provide an exhaustive definition of "testimonial," but pointed out that "[s]tatements taken by police officers in the course of interrogations are ... testimonial under even a narrow standard." 541 U.S. at 52, 124 S.Ct. 1354. Consistent with this, we have held that "testimonial" statements, including those made during interrogations, "involve a declarant's knowing re-

sponses to structured questioning in an investigative environment or in a courtroom setting where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings." *Saget,* 377 F.3d at 228.

Had the investigating detective testified to statements made to him by confidential informants during the course of structured drug purchases conducted at the direction of law enforcement as part of an ongoing investigation in which the confidential informants where knowing participants, then *Crawford* might provide a colorable Sixth Amendment claim. We need not reach that issue today, however, because the detective did not report or allude to any statements made by confidential informants during the portions of his testimony that Casiano attacks on this appeal. In response to questioning by counsel for the government, the detective testified that he met with one or both of the informants on several occasions to conduct structured drug purchases from non-defendant Jose Diaz. On each of those occasions, the detective testified that he searched the informant, gave the informant a specified amount of currency, instructed the informant to purchase a specific amount and type of drugs from Diaz, later met with the informant, received from the informant the specified amount and type of drugs, and, again, searched the informant. While the detective did, several times, when asked about a particular date, testify that "[a] confidential informant purchased" a particular amount of narcotics, he did not testify to any statements made by the informants. Given this, the Sixth Amendment argument based on *Crawford* is without merit.[1]

■ Casiano next argues that the District Court erred in admitting into evidence the drugs purchased from Diaz by the confidential informants. Casiano time-

---

1. The basis for the detective's testimony is not

clear from the record. If his statements as to

ly objected at trial to the admission of this evidence. The District Court received the evidence subject to connection which, the District Court found, was later made. We review evidentiary rulings for abuse of discretion, reversing only if "the decision was manifestly erroneous, and the error was not harmless." *United States v. Yousef,* 327 F.3d 56, 157 (2d Cir.2003) (quotation and citations omitted). Though, as the District Court noted, admission of this evidence under Federal Rules of Evidence 402 and 403 was a close call, we see no manifest error in the District Court's assessment of the totality of the then-hot trial record. On the cold record before us, we find no abuse of discretion.

■ Finally, Casiano argues that the jury's verdict, rendered in response to a special verdict form, did not attribute the drugs implicated in the conspiracy to either of the defendants individually and that, under our decision in *United States v. Barnes,* 158 F.3d 662 (2d Cir.1998), the District Court could only sentence Casiano based on the drug type and quantity that carried the lowest offense penalty. *Barnes,* and our decision in *United States v. Orozco–Prada,* 732 F.2d 1076 (2d Cir. 1984), upon which *Barnes* relies, do not apply in this case. Those cases stand for the proposition that where a general verdict is entered upon a charge of conspiracy to distribute multiple types of narcotics, "'there is no way ... to know whether the jury intended to convict'" based on any particular drug absent a special verdict form. *Barnes* 158 F.3d at 667 (quoting

*Orozco–Prada,* 732 F.2d at 1083). In this case, however, there was a special verdict form which asked the jury to determine individually, and beyond a reasonable doubt, whether the conspiracy in which Casiano and Perez had joined included each of "one kilogram or more of heroin," "five kilograms or more of cocaine," and "fifty grams or more of cocaine base." The jury's affirmative answers to each of these questions eliminated any ambiguity in their verdict as to the nature and extent of the conspiracy. Given that the jury had already found each of Casiano and Perez individually guilty for participating in the conspiracy, the District Court was correct to attribute all of the drugs, found by the jury to be part of conspiracy, to each of them.

The District Court sentenced Casiano according to the United States Sentencing Guidelines under the misapprehension that the Guidelines were to be applied in a mandatory fashion. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Casiano did not object, but, in response to our inquiry, now seeks remand to the District Court in consideration of resentencing. The government does not oppose. We therefore grant the request and remand Casiano's case to the District Court for further proceedings consistent with our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

*Edwin Perez*

Perez's appeal is based on three alleged sentencing errors. First, relying on *Book-*

the source of the drugs purchased by the informants represented his personal conclusions based on the facts recounted in the text, the testimony was opinion to which objection might have been made on the ground, perhaps among others, that opinion testimony as to the source of the drugs was inappropriate. *See* Fed.R.Evid. 701, 702. If, on the other hand, his testimony was based on statements made to him by the informants, it might have

been objected to on the ground that the detective lacked personal knowledge and therefore was not a competent witness on that point. *See id.* 602. But Casiano failed to make, let alone adduce any basis on *voir dire* or cross-examination for, either objection. Any harm caused by error in the reception of this evidence was insufficient to warrant remedial action.

*er,* Perez claims that the District Court violated his Sixth Amendment right to jury trial by applying Guidelines enhancements based on drug quantities found by the District Court and not by the jury. Second, Perez asserts that the District Court erred by applying the Sentencing Guidelines as if they were mandatory. The proper remedy for both errors is remand for consideration of resentencing. *See United States v. Williams,* 399 F.3d 450 (2d Cir.2005). Perez has requested remand and the government does not oppose. We will therefore remand Perez's case to the District Court for consideration of resentencing consistent with *Crosby* and *Williams.*

■ Perez's third sentencing argument alleges that the District Court's Guidelines calculation was reached in error because the District Court attributed to Perez amounts of narcotics that Perez claims were not within the scope of his participation in the drug conspiracy. Because Perez casts this as a Guidelines application error rather than a *Booker* error, we address it here prior to remand. *See United States v. Savarese,* 404 F.3d 651, 655 (2d Cir.2005) (reaching sentencing question relating to the scope of conspiracy prior to remand).

Under U.S.S.G. § 1B1.3(a)(1)(B), Perez is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." We agree with the District Court that the trial record provided ample support for the conclusion that the amounts of narcotics distributed during October and November 2002 by Diaz and other members of the conspiracy were within the scope of the overall conspiracy as it was known to Perez at the time. We therefore find no error in that aspect of the District Court's Guidelines calculation, but note that in so holding we do not limit the discretion afforded to the District Court on remand under *Booker* and *Crosby.*

We have considered defendants' remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court, and REMAND for consideration of resentencing consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).